UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCREDITED SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NIELSON MOTOR CO., et al.,<br><br>Defendants. | 2:24-cv-2418-CKD<br><br><br>ORDER |

    This is a diversity declaratory judgment action filed by plaintiff, Accredited Specialty Insurance Company ("Accredited"), involving an insurance coverage dispute pertaining to an underlying state court action. Pursuant to the parties' consent and the court's order, this case is before the undersigned for all purposes including trial and entry of judgment. (See ECF No. 15.) Defendants Linda Wrenne, Craig Wrenne,[1] and the Estate of Kevin Wrenne ("Wrenne defendants") filed an unopposed motion to stay this case pending resolution of an underlying state court appeal. (ECF No. 18.) The court previously found this matter to be appropriate for decision without oral argument under Local Rule 230(g). (ECF No. 22.) For the following reasons, a stay is appropriate and the motion is granted.

---

[1] Defendant Craig Wrenne's name was incorrectly entered to the docket and will be corrected to reflect the correct spelling.

1

**I.    Background**

On March 28, 2024, the Wrenne defendants filed premises liability and negligence claims in the Shasta County Superior Court against J.A. Sutherland, Inc. ("J.A. Sutherland"), Nielsen Motor Co., and other defendants in Linda Wrenne, et al. v. J.A. Sutherland, Inc., et al., Case No. 204643 ("Underlying Lawsuit"). (ECF No. 1, ¶¶ 14, 27.) The Wrennes allege Nielson owns the property where the decedent, Kevin Wrenne, was stabbed to death on March 28, 2022, while taking an employee lunch break in the Taco Bell parking lot. (Id., ¶¶ 15, 16.) They allege Nielson had knowledge of dangerous conditions, safety issues, and a history of criminal activity on or near the premises and failed to take reasonable and adequate steps to protect employees and customers. (Id., ¶¶ 22, 23.)

Accredited issued the insurance policy to the named insured, J.A. Sutherland. (ECF No. 1, ¶ 29.) J.A. Sutherland, as tenant, allegedly leased the Taco Bell restaurant property from Nielson, as landlord. (Id., ¶ 46.)

Accredited agreed to participate in Nielsen's defense in the Underlying Lawsuit pursuant to a reservation of rights. (ECF No. 1, ¶ 33.) The defendants in the Underlying Lawsuit filed a demurrer alleging a worker's compensation exclusivity rule bars the claims that were brought. (ECF No. 18-1 at 4.) The demurrer was granted and is currently being appealed to the state appellate court. (Id.)

In the present federal suit, Accredited alleges Nielson is not an insured or additional insured under the policy. (ECF No. 1, ¶ 50.) Accredited seeks to establish it owes no coverage obligation to Nielsen with respect to the claims in the Underlying Lawsuit. (Id.) Accredited also seeks reimbursement of defense costs in the Underlying Lawsuit. (Id., ¶¶ 69-74.)

The Wrenne defendants filed the present motion to stay on November 25, 2024, arguing the coverage issues in this case are being litigated in the pending appeal in the Underlying Lawsuit and that there is a significant risk of inconsistent rulings if this case is not stayed, among other arguments. (ECF No. 18.) Accredited filed a response and the Wrenne defendants filed a reply (ECF No. 20, 21.)

////

**II.     Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979). Such a stay may be entered whether or not such proceedings are necessarily controlling of the action before the court. Id. at 863-64. In considering whether to grant a stay, this court weighs the competing interests that will be affected by the granting or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "Among these considerations are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (citing Landis, 299 U.S. at 254-255).

**III.    Discussion**

The Wrenne defendants argue Accredited seeks through the present suit an adjudication of "the exact same issue" currently being litigated on appeal in the Underlying Lawsuit. (ECF No. 18-1 at 3.) However, the Wrenne defendants do not argue the Underlying Lawsuit specifically addresses whether Accredited owes coverage to Nielsen. Instead, they argue Accredited, through this federal action, seeks an adjudication of whether the decedent was in the course and scope of his employment when he was stabbed. (Id. at 3, 5.) They further argue there is a risk of inconsistent verdicts should this court make factual and legal determinations on this issue. (Id. at 10-11.) They also argue there is a possibility of substantial prejudice if no stay is entered, and that principles of judicial economy support a stay. (Id. at 12-13.)

In response, Accredited disputes the grounds stated for the requested stay, stating, specifically, the determination whether Nielsen is an additional insured under the policy is a threshold issue that can be resolved based solely on examination of the complaint, the policy, and

3

relevant lease agreement. (ECF No. 20.) Nevertheless, Accredited has "no objection to a stay of this matter[.]" (Id.) Accredited agrees that the resolution of the appeal in the Underlying Lawsuit regarding Keven Wrenne's employment status may be dispositive of coverage in this case, and, thus, may moot the need to seek an adjudication of Nielsen's insured status. (Id. at 2.)

In the present declaratory judgment action, Accredited claims, first, that Nielsen is not an insured under the Accredited policy. (ECF No. 1, ¶¶ 36-50.) Accredited claims, second, the employer's liability exclusion applies to bar coverage. (Id., ¶¶ 51-55.) Accredited claims, third, a "cross suits exclusion" applies to bar coverage. (Id., ¶¶ 56-64.) According to the Wrenne defendants, the issue on appeal in the Underlying Lawsuit is whether the worker's compensation exclusivity rules bars litigation against the decedent's employer. (ECF No. 18-1 at 9.) And further, "[i]f Decedent was in the course and scope of his employment at the time of the stabbing, then worker's compensation exclusivity rules would bar litigation against his employer." (Id.) Thus, both the appeal in the Underlying Lawsuit and this declaratory judgment action hinge on whether the decedent was in the course and scope of his employment when he was stabbed.

In exercising discretion whether to stay this case, the court first considers the possible damage accompanying the granting of a stay. No party asserts possible damage may result from the granting of a stay. This interest appears to be neutral.

As to the hardship or inequity that may result with this case moving forward, the Wrenne defendants argue there is a risk of prejudice to the insured due to the possibility of collateral estoppel. (ECF No. 18-1 at 11.) They argue that, in general, there is a risk of prejudice due to collateral estoppel because there is a factual overlap between the two lawsuits. (Id. at 11-13.) The Wrenne defendants fail to explain the hardship or inequity that exists under the specific facts and circumstances in this case, instead focusing solely on the facts of other cases. Nevertheless, they have established that there are overlapping factual issues between the Underlying Lawsuit and this declaratory relief action, and thus the court finds this factor to weigh in favor of a stay. See, e.g., Colony Ins. Co. v. Temescal Rei, LLC, No. 1:19-CV-01778-NONE-JLT, 2021 WL 535414, at *6 (E.D. Cal. Feb. 12, 2021) (finding this interest favors a stay where "the Underlying Action will include the making of factual determinations upon which coverage may hinge"); Aspen

Specialty Ins. Co. v. Ivie McNeill & Wyatt, APLC, No. CV 17-7973-DOC (JCX), 2018 WL 4751740, at *10 (C.D. Cal. May 9, 2018) (finding a possibility of prejudice supported a stay "because of the overlap between the disputed facts in this action and in the state court action").

Finally, the court considers the orderly course of justice. "Given the overlapping factual issues between the declaratory relief action and Underlying [Lawsuit] discussed above, the court finds that the orderly administration of justice will be served by a stay." Colony Ins. Co., 2021 WL 535414, at *6; see also GOJO Indus., Inc. v. Barough, No. SACV-17-1382-DOC-JDE-X, 2018 WL 5880829, at *12 (C.D. Cal. Apr. 2, 2018) ("As there are similar questions of facts and law in this action and the [State] Action, … granting a stay in this case will promote judicial economy and efficiency.").

Because the appeal pending in the state appellate court may be dispositive of this declaratory judgment action, the court will not compel the defendants to actively litigate both actions at the same time. The relevant factors weigh in favor of staying this matter pending resolution of the state court appeal under the court's inherent case-management authority.

**IV.   Conclusion and Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to correct the spelling of the name on the docket for defendant, Craig Wrenn, to reflect the correct spelling as follows: Craig Wrenne.

2. The Wrenne defendants' unopposed motion to stay this declaratory relief action (ECF No. 18) is GRANTED.

3. The court VACATES all dates in the pretrial scheduling order entered on November 14, 2024 (ECF No. 17).

/////
/////
/////
/////
/////
/////

4. This action is administratively STAYED pending the resolution of the underlying state court appeal. The parties are directed to file a joint status report every six months, beginning six months from the date of this order, or within thirty days of the resolution of the underlying state court appeal, whichever is sooner.

Dated: January 23, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, accr24cv2418.stay.o